UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DENA KOLOGY,                                                                    15-CV-03061 (ILG)(RML)

                            Plaintiff,

        -against-

MY SPACE NYC CORP. and
GUY HOCHMAN, individually,

                           Defendants.
----------------------------------------------------------------X


# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
# OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
# PURSUANT TO RULE 12(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE


**MILMAN LABUDA LAW GROUP PLLC**

Jamie S. Felsen
Joseph M. Labuda
Attorney for Defendants
3000 Marcus Ave., Suite 3W8
Lake Success, NY 11042
(516) 328-8899

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ................................................................................................ 1

**STATEMENT OF FACTS** ........................................................................................................ 1

**LEGAL STANDARDS** ............................................................................................................ 2

**ARGUMENT** ............................................................................................................................ 2

   **POINT I** ................................................................................................................................ 2

   **PLAINTIFF IS NOT PROTECTED BY TITLE VII, NYSHRL, AND NYCHRL BECAUSE SHE WAS NOT EMPLOYED BY DEFENDANTS DURING THE ALLEGED DISCRIMINATORY ACTS** ............................................................................... 2

**CONCLUSION** ...................................................................................................................... 11

## TABLE OF AUTHORITIES

**Cases**
Community for Creative Non-Violence v. Reid, 490 U.S. 730, 109 S. Ct. 2166, 104 L.
 Ed. 2d 811 (1989) .................................................................................................................. 3
Creddille v. MTA N.Y. City Transit Auth. & Core Envtl. Corp., 2014 U.S. Dist. LEXIS 88426
 (E.D.N.Y. June 25, 2014) ....................................................................................................... 4
Deboissiere v. Am. Modification Agency, 2010 U.S. Dist. LEXIS 113776
 (E.D.N.Y. Oct. 22, 2010) ...................................................................................................... 10
Evans v. Wash. Ctr. for Internships & Academic Seminars, 587 F. Supp. 2d 148
 (D.D.C. 2008) ........................................................................................................................ 7
J.S. v. Attica Cent. Sch., 386 F.3d 107 (2d Cir. 2004) .................................................................. 2
Jacob-Mua v. Veneman, 289 F.3d 517 (8th Cir. 2002) ................................................................. 7
Knight v. State Univ. of N.Y. at Stony Brook, 2013 U.S. Dist. LEXIS 161185
 (E.D.N.Y. Nov. 12, 2013) ...................................................................................................... 4
Lippold v. Duggal Color Projects, 1998 U.S. Dist. LEXIS 335
 (S.D.N.Y. Jan. 14, 1998)..................................................................................................... 4, 7
Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) .......... 2
Makarova v. United States, 201 F.3d 110, (2d Cir. 2000). ........................................................... 2
Mehmeti v. Jofaz Transp., 2015 U.S. Dist. LEXIS 67364
 (E.D.N.Y. May 22, 2015) .................................................................................................... 10
Mesias v. Cravath, Swaine & Moore LLP, 2015 U.S. Dist. LEXIS 58462
 (S.D.N.Y. Apr. 28, 2015)..................................................................................................... 10
Mitchell v. Washingtonville Cent. Sch. Dist., 190 F.3d 1 (2d Cir. 1998) .................................... 10
Morrongiello v. Ashcroft, 2004 U.S. Dist. LEXIS 777 (S.D.N.Y. Jan. 22, 2004) ........................ 5
O'Connor v. Davis, 126 F.3d 112 (2d Cir. 1997).......................................................................... 3
Robinson v. Gov't of Malaysia, 269 F.3d 133 (2d Cir. 2001 ......................................................... 2
Rodriguez v. Verizon Telecom, 2014 U.S. Dist. LEXIS 167833
 (S.D.N.Y. Dec. 2, 2014)......................................................................................................... 4
Sharkey v. Quarantillo, 541 F.3d 75 (2d Cir. 2008). .................................................................... 2
Sweeney v. Board of Education of Rocky Point Union Free School District,
 112 A.D.2d 240 (N.Y. App. Div. 1985) ................................................................................ 7
Tagare v. NYNEX Network Sys. Co., 994 F. Supp. 149 (S.D.N.Y. 1997) ................................. 10
Torgerson v. City of Rochester, 643 F.3d 1031 (2011) ................................................................ 7
VanDeWater v. Canandaigua Natl. Bank, 70 A.D.3d 1434 (N.Y. App. Div. 4th Dep't 2010) ...... 4
Vargas v. Stanley, 438 Fed. Appx. 7 (2d Cir. 2011)..................................................................... 4
Wadler v. E. College Ath. Conf., 2003 U.S. Dist. LEXIS 14212 (S.D.N.Y. Aug. 13, 2003) ........ 6
Wang v. Phoenix Satellite TV US, Inc., 976 F. Supp. 2d 527 (S.D.N.Y. 2013) ........................... 3
Weir v Holland & Knight, LLP, 34 Misc. 3d 1207(A) (N.Y. Sup. Ct. 2011) ............................... 7

**Statutes**
26 U.S.C. § 6065................................................................................................................... 11
26 U.S.C. § 7203................................................................................................................... 11
42 U.S.C. § 2000e ............................................................................................................... 3, 4
42 U.S.C § 2000e(f)……………………………………………………………………………….3
Fed. R. Civ. Proc. 12(b)(1)……………………………………………………………………. 2
N.Y. Exec Law. § 296(a)(1)................................................................................................... 3

N.Y.C Admin. Code § 8-107(1)(a) ............................................................................................... 3

## PRELIMINARY STATEMENT

In her first Complaint, Plaintiff, Dena Kology, failed to sufficiently allege that she was employed by Defendants My Space NYC Corp. ("My Space") and Guy Hochman ("Hochman") under Title VII of the Civil Rights Act of 1964 ("Title VII"), New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL") because, *inter alia*, she did not allege that she received any compensation during the period from July 2013 – when Defendants' alleged unlawful harassment of her allegedly began – through the end of Plaintiff's alleged employment with Defendants in August 2014.

Plaintiff's Amended Complaint (filed after Defendants filed their motion to dismiss the Complaint), suffers the same fatal infirmity. Plaintiff concedes that she created a corporation – Atlantis 94 Corp. – and that Atlantis 94 Corp., and not Plaintiff, was paid remuneration by My Space Corp. during the time of the alleged discriminatory acts.

Because Plaintiff was not an employee of Defendants (but rather an employee of Atlantis 94 Corp.), she is not covered under Title VII, NYSHRL, and NYCHRL. Accordingly, all of Plaintiff's claims in the Amended Complaint must be dismissed.

## STATEMENT OF FACTS

Plaintiff was not paid any compensation by Defendants during the period of July 2013 through August 2014. (Declaration of Guy Hochman ¶ 3). During the period of July 2013 through August 2014, Plaintiff was the Chief Executive Officer of Atlantis 94 Corp., a vendor of My Space. (Declaration of Guy Hochman ¶ 4). During the period of July 2013 through August 2014, My Space paid Atlantis 94 Corp. for services it provided to My Space. (Declaration of Guy Hochman ¶ 5).

In her Amended Complaint, Plaintiff attempts to overcome the undisputed fact that she was never paid any remuneration by Defendants by alleging that she was paid indirectly through Atlantis 94 Corp., a corporation she created three (3) years before the alleged discriminatory acts

1

occurred allegedly at the request of Hochman so that she could take the maximum amount of deductions. (Amended Complaint ¶¶ 18, 37, 40-41, 43). As discussed below, the Amended Complaint contains the same fatal deficiency as the Complaint warranting dismissal of all claims therein.

## LEGAL STANDARDS

A case is properly dismissed for lack of subject matter jurisdiction under Fed. R. Civ. Proc. 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). The plaintiff bears the burden of establishing the existence of federal jurisdiction. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992).

Where the jurisdictional challenges are raised at the pleading stage, the court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. Sharkey v. Quarantillo, 541 F.3d 75, 83 (2d Cir. 2008). The court also may consider affidavits and other evidence outside the pleadings to resolve the jurisdictional issue. J.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004), cert. denied, 544 U.S. 968, 125 S. Ct. 1727, 161 L. Ed. 2d 616 (2005). Indeed, courts "must" consult factual submissions "if resolution of a proffered factual issue may result in the dismissal of the complaint for want of jurisdiction." Robinson v. Gov't of Malaysia, 269 F.3d 133, 140 n.6 (2d Cir. 2001).

## ARGUMENT

### POINT I

**PLAINTIFF IS NOT PROTECTED BY TITLE VII, NYSHRL, AND NYCHRL BECAUSE SHE WAS NOT EMPLOYED BY DEFENDNATS DURING THE ALLEGED DISCRIMINATORY ACTS**

Title VII and the NYSHRL prohibit an employer from discriminating against an employee. See 42 U.S.C. § 2000e(f); N.Y. Exec Law. § 296(a)(1). The NYCHRL provides that "[i]t shall be an unlawful discriminatory practice" for an "employer" to discriminate against "any

2

person . . . in compensation or in terms, conditions or privileges of employment." N.Y.C Admin. Code § 8-107(1)(a). "The plain terms of § 8-107(1)(a) make clear that the provision's coverage only extends to employees, for an 'employer' logically cannot discriminate against a person in the 'conditions or privileges of employment' if no employment relationship exists." Wang v. Phoenix Satellite TV US, Inc., 976 F. Supp. 2d 527, 532 (S.D.N.Y. 2013).

The preliminary question for determining if an individual is an employee is whether they received remuneration. O'Connor v. Davis, 126 F.3d 112 (2d Cir. 1997). "Where no financial benefit is obtained by the purported employee from the employer, no 'plausible' employment relationship of any sort can be said to exist . . . ." Id. at 115-16 (2d Cir. 1997) (quotation marks & citations omitted) (dismissing Title VII claims because it was uncontested that the plaintiff received from the defendant no financial benefit). Indeed, as explained in Wang v. Phoenix Satellite TV US, Inc., 976 F. Supp. 2d 527, 532 (S.D.N.Y. 2013):

> Since O'Connor was decided, courts have engaged in a two-step process in determining whether a plaintiff is an employee under the protection of Title VII: "[f]irst, the plaintiff must show she was hired by the putative employer. To prove that she was hired, she must establish that she received remuneration in some form for her work. . . . Once plaintiff furnishes proof that her putative employer remunerated her for services she performed, we look to the thirteen factors articulated by the Supreme Court in [Reid] to determine whether an employment relationship exists. In sum, remuneration is a threshold inquiry in establishing the existence of an employment relationship.[1]

---

[1] The second step of the inquiry once remuneration is established is to consider the thirteen factors articulated in Community for Creative Non-Violence v. Reid, 490 U.S. 730, 751, 109 S. Ct. 2166, 104 L. Ed. 2d 811 (1989): "the hiring party's right to control the manner and means by which the product is accomplished[;] . . . the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party."

Wang at 535 (internal quotations and citations omitted). Thus, "compensation is a threshold issue in determining the existence of an employment relationship under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the NYSHRL." Id. at 533.[2]

A plaintiff must plead that he or she was compensated by the defendant. See Knight v. State Univ. of N.Y. at Stony Brook, 2013 U.S. Dist. LEXIS 161185, 9-10 (E.D.N.Y. Nov. 12, 2013) (dismissing Title VII claim where the plaintiff failed to allege that he was paid wages by the defendant).

Because a prerequisite to determine if an individual is covered by Title VII, NYSHRL, and NYCHRL is that the individual was paid wages, no other factors can be considered until this condition is satisfied, and courts routinely dismiss claims of plaintiffs under Title VII, NYHRL, and NYCHRL where the plaintiffs were not compensated by the alleged employer. See Wang, 976 F. Supp. 2d 527 (dismissing discrimination claims brought under NYSHRL and NYCHRL by plaintiff, an unpaid intern, because she was not paid any compensation by the defendant, and therefore, she was not an employee of the defendant under NYSHRL and NYCHRL; the court refused to analyze any other factors because remuneration must first be established before analyzing any other factors). This conclusion has been repeatedly upheld by courts.

The facts in this case are similar to the facts in a handful of recent cases (discussed below) wherein the Courts in each and every case held that the company was not the employer because of the absence of remuneration paid by it despite its control over the individuals.

First, in Creddille v. MTA N.Y. City Transit Auth. & Core Envtl. Corp., 2014 U.S. Dist. LEXIS 88426 (E.D.N.Y. June 25, 2014), the plaintiff was employed by Core Environmental, Inc.

---

[2] "Discrimination and retaliation claims brought under the NYSHRL are evaluated identically to claims brought under Title VII." Vargas v. Stanley, 438 Fed. Appx. 7, at f.n. 1 (2d Cir. 2011); Rodriguez v. Verizon Telecom, 2014 U.S. Dist. LEXIS 167833, at 5 (S.D.N.Y. Dec. 2, 2014); VanDeWater v. Canandaigua Natl. Bank, 70 A.D.3d 1434 (N.Y. App. Div. 4th Dep't 2010). Accordingly, New York courts have applied the O'Connor two-part test—with its threshold question of financial benefit—in cases brought under the NYSHRL. See Lippold v. Duggal Color Projects, Inc., 1998 U.S. Dist. LEXIS 335, at 7 (S.D.N.Y. Jan. 15, 1998) (dismissing sex discrimination claim of unpaid intern under NYSHRL).

4

("Core"), an environmental consulting firm contracted by the New York City Transit Authority to perform lead and asbestos inspection duties on several New York City Transit Authority construction projects. Id. at * 1, 4. The New York City Transit Authority was one of Core's largest clients, accounting for more than half of Core's gross revenue. Id. at * 3. Core assigned the plaintiff to oversee lead abatement work to be performed by a third-party contracting company, Kiska Construction, at a New York City Transit Authority location. Id. at * 4. The plaintiff sued the New York City Transit Authority for discrimination under Title VII. Id. at * 1-2. The New York City Transit Authority moved for summary judgment arguing that it did not employ the plaintiff. The Court, relying on O'Connor, granted the New York City Transit Authority's motion for summary judgment holding that because it was "undisputed that [plaintiff] was not compensated by the Transit Authority … [he] was not a Transit Authority employee." Id. at 14-15.

Second, in Morrongiello v. Ashcroft, 2004 U.S. Dist. LEXIS 777 (S.D.N.Y. Jan. 22, 2004), the plaintiff, was employed by the Department of Justice ("DOJ") in the Drug Enforcement Agency ("DEA"). The plaintiff worked as a secretary with the New York Drug Enforcement Task Force ("NYDETF") which is a collaboration between the DEA, the New York State Police ("NYSP"), and the New York City Police Department ("NYPD"). The DOJ paid plaintiff's salary and provided her work-related benefits. An agreement between the member agencies of the NYDETF called for the DEA to provide office space and administrative personnel for the NYDETF. Although run by the DEA, the NYDETF had two deputy chiefs, one each from the NYSP and the NYPD. The plaintiff was assigned to work for them. Captain John Melville ("Melville") was the deputy chief representative from the NYSP, and one of the two individuals for whom plaintiff worked. The plaintiff alleged that Melville began sexually harassing her shortly after his arrival at the NYDETF. The plaintiff sued, *inter alia*, the NYSP for discrimination under Title VII. The NYSP filed a motion for summary judgment arguing that

it did not employ her. The court granted NYSP's motion for summary judgment because the plaintiff did not receive any remuneration from the NYSP as she was compensated only by the DEA. Id. at * 13-14. The Court noted that "<u>regardless of the control that [the NYSP] may have exerted over her day to day work, the NYSP was not her employer</u>." Id. at *14 (emphasis added).

Third, in <u>Wadler v. E. College Ath. Conf.</u>, 2003 U.S. Dist. LEXIS 14212 (S.D.N.Y. Aug. 13, 2003), the plaintiff sued the Eastern Collegiate Athletic Conference ("ECAC") claiming discrimination under, *inter alia*, Title VII and the NYSHRL. The plaintiff was not compensated by the ECAC. However, the ECAC was solely responsible for determining whether the plaintiff was employed as a college baseball umpire. Although the umpires exercised some control over their own schedules by submitting a list of their available times to the ECAC, they were employed only if assigned to games by the ECBUB assigning coordinator. The ECAC evaluated each umpire's game performance and required umpires to file a post game report if unusual events occurred during a game. The ECAC also regulated umpire's uniforms and notably, required umpires to display their affiliation with the organization by wearing an ECAC logo on their outerwear. The ECAC also upheld policies and procedures relating to the assignment and cancellation of games. Furthermore, the ECAC exerted control over the payment and reimbursement of umpires through negotiation with the CBUB on rates and through review of umpires' reimbursement requests. Finally, the ECAC conducted evaluations and performance reviews of umpires, the results of which affect an umpire's assignment to future games. The ECAC filed a motion for summary judgment arguing that it did not employ the plaintiff. The Court noted that, although the majority of the <u>Reid</u> factors suggested that the ECAC was the plaintiff's employer, "the most critical factor here is that the ECAC did not compensate [plaintiff]" and "[a]lthough the organization controlled [plaintiff's] work, his affiliation with the organization did not include that "'essential condition' of remuneration." Id. at * 8. Thus, the

6

Court held that, because courts "have placed paramount importance on the provision of remuneration by a putative employer to the determination of employee status under Title VII or the NYHRL", and since the plaintiff did not receive remuneration, he was not an employee under Title VII and NYSHRL. Id. at * 9. "[T]he ECAC's control of Wadler's work, in the absence of compensation by the ECAC, [was] not sufficient to render it an employer under Title VII or the NYHRL." Id; see also Lippold v. Duggal Color Projects, 1998 U.S. Dist. LEXIS 335, at *5-7 (S.D.N.Y. Jan. 14, 1998) (dismissing plaintiff's Title VII, NYSHRL, and NYCHRL claims because the plaintiff was not an "employee" because the alleged employer did not compensate her); Weir v Holland & Knight, LLP, 34 Misc. 3d 1207(A) (N.Y. Sup. Ct. 2011) (finding that, despite the NYCHRL's broad remedial purposes, Title VII's test for an employee-employer relationship is appropriately applied to claims under state and city laws because "the definition of employer for purposes of the federal anti-discrimination statutes has been construed liberally") (quotations omitted); Sweeney v. Board of Education of Rocky Point Union Free School District, 112 A.D.2d 240, 241 (N.Y. App. Div. 1985) (confirming an order of the New York State Division of Human Rights, holding that an unpaid elementary school volunteer could not bring a claim under the NYSHRL because she received no compensation from the alleged employer); Jacob-Mua v. Veneman, 289 F.3d 517, 521 (8th Cir. 2002) (holding that "as a nonemployee, [a volunteer researcher] did not have standing to bring a retaliation claim under Title VII"), abrogated on other grounds by Torgerson v. City of Rochester, 643 F.3d 1031 (2011) (en banc); Evans v. Wash. Ctr. for Internships & Academic Seminars, 587 F. Supp. 2d 148, 151 (D.D.C. 2008) (plaintiff not an employer because she was not working for compensation).

In this case, Plaintiff has not sufficiently alleged that she was employed by Defendants. Indeed, Plaintiff concedes that she was not paid any compensation by Defendants during the period of July 2013 through August 2014, the period during which the alleged discrimination occurred. (Amended Complaint ¶ 18). Plaintiff concedes that My Space paid Atlantis 94 Corp.,

7

a corporation that <u>she</u> created, and for which <u>she</u> was the Chief Executive Officer, and was a vendor of My Space. (Amended Complaint ¶¶ 18, 37, 40-41, 43; Declaration of Guy Hochman ¶ 4).

Because Plaintiff was not paid any remuneration during the time she was allegedly unlawfully discriminated and retaliated against, and remuneration is the touchstone of a "'plausible' employment relationship," based on the extensive case law discussed *supra*, Plaintiff cannot bring an employment discrimination claim under Title VII, NYSHRL, and NYCHRL.

Plaintiff attempts unsuccessfully now to cure this fatal defect by alleging that, although she was never directly paid any compensation by Defendants during the relevant period, she was paid indirectly through Atlantis 94 Corp., a corporation <u>she</u> <u>created</u> allegedly at the request of Hochman so that <u>she</u> could take the maximum amount of deductions. (Amended Complaint ¶¶ 18, 37, 40-41, 43). Thus, Plaintiff concedes in the Amended Complaint that she voluntarily created Atlantis 94 Corp. to defraud the Internal Revenue Service, New York State Department of Taxation and Finance and New York City.

Plaintiff then contradicts her allegation that Hochman "asked" her to open Atlantis 94 Corp. for her own benefit when she alleges that in 2010 – three (3) years before Defendants allegedly began violating Title VII, NYSHRL, and NYCHRL – Hochman "ordered" her to visit My Space's accountant to open the corporation "in order to absolve Hochman of any potential connection to Plaintiff as well as any potential liability." (Amended Complaint ¶¶ 37, 40, 42, 46).

Plaintiff's belated excuse for and attempt to shift the blame to Hochman for <u>her</u> voluntarily creating and incorporating Atlantis 94 Corp. does not magically transform her into an employee under Title VII, NYSHRL, and NYCHRL. The authority cited *supra* clearly establishes that the threshold requirement for an individual to be an "employee" under Title VII, NYSHRL, and NYCHRL is that the individual receive compensation directly from the alleged

8

employer. The reason why Plaintiff asserts she schemed to defraud the tax authorities by taking improper deductions she was not entitled to take is of no moment. The reason (legal or illegal) behind Plaintiff's choice to incorporate is irrelevant: the fact that she created Atlantis 94 Corp. who was compensated like any other vendor (i.e. and not an employer) is the relevant issue. Plaintiff made her bed and now must lie in it. She created Atlantis 94 Corp. by her own admonition to improperly take advantage of the Internal Revenue Service on her taxes and must now suffer the consequences of her own actions.

Accordingly, because Plaintiff was never compensated by Defendants, she was not an "employee" under Title VII, NYSHRL, and NYCHRL, and the Court must necessarily dismiss her claims.

Moreover, Plaintiff cannot have her cake and eat it too. In 2013 and 2014, when it benefitted her, Plaintiff, by her own admission, took advantage of federal and state tax laws by representing under oath on her federal and state tax returns that she was not paid by My Space NYC. In 2013 and 2014, when it benefitted her, she did not hold herself out to the Internal Revenue Service, New York State or any other government agency as an employee of My Space. When she provided services to My Space in 2013 and 2014, she did not pay any federal, state, or New York City taxes. She received tax benefits such as business expenses from the remuneration paid by My Space to Atlantis 94 Corp. – the company for whom she was the Chief Executive Officer. (Declaration of Guy Hochman ¶ 6). She cannot now, when beneficial for her, claim, after previously swearing under oath that she was not paid by My Space, that she was paid and employed by My Space. Plaintiff lied on her taxes and defrauded the government. The Court should not believe anything she says.

This is just an additional reason why Plaintiff must be precluded from reaping any benefits under Title VII, NYSHRL, and NYCHRL. Indeed, "if a plaintiff signs a tax return 'under penalty of perjury' that declares independent contractor status, . . . such a tax return may

9

significantly impede the plaintiff's ability to claim employee status . . ." <u>Deboissiere v. Am. Modification Agency</u>, 2010 U.S. Dist. LEXIS 113776, 8-9 (E.D.N.Y. Oct. 22, 2010); <u>see also</u> <u>Tagare v. NYNEX Network Sys. Co.</u>, 994 F. Supp. 149, 155 (S.D.N.Y. 1997) (finding plaintiff's representations to tax authorities constituted a "virtual admission" of his status as an independent contractor). Here, it is even worse for Plaintiff since she does not allege being an independent contractor of Defendants (like in <u>Deboissiere</u>) but rather, an employee of Atlantis 94 Corp. so that she could defraud the Internal Revenue Service and New York State Department of Taxation and Finance (as well as New York City).[3]

Based on the foregoing, Defendants' motion should be granted and the Amended Complaint should be dismissed with prejudice.

In the unlikely event that the Court dismisses only Plaintiff's Title VII claims but not her NYSHRL and NYCHRL claims, the Court should not exercise supplemental jurisdiction over her NYSHRL and NYCHRL claims. See <u>Mehmeti v. Jofaz Transp.</u>, 2015 U.S. Dist. LEXIS 67364, at 6-7 (E.D.N.Y. May 22, 2015) (declining to exercise supplemental jurisdiction over NYSHRL and NYCHRL claims after dismissing FMLA claim); <u>Mesias v. Cravath, Swaine & Moore LLP</u>, 2015 U.S. Dist. LEXIS 58462 (S.D.N.Y. Apr. 28, 2015) (declining to exercise supplemental jurisdiction over NYSHRL and NYCHRL claims after dismissing Title VII and ADEA claims).

---

[3] The doctrine of estoppel applies to sworn statements made to administrative agencies. <u>Mitchell v. Washingtonville Cent. Sch. Dist.</u>, 190 F.3d 1, 6 (2d Cir. 1998). Pursuant to IRS regulations, tax returns are sworn statements made under the penalty of perjury. See e.g. 26 U.S.C. § 6065 ("any tax return, declaration, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall contain or be verified by a written declaration that it is made under the penalties of perjury"). Therefore, Plaintiff should be administratively estopped from claiming any unpaid wages because she failed to inform the Internal Revenue Service, New York State Department of Taxation and Finance and New York City about her alleged employment with Defendants. Moreover, Plaintiff's failure to pay taxes is a felony punishable for up to five (5) years in prison. <u>See</u> 26 U.S.C. § 7203.

## CONCLUSION

Based on the foregoing, Defendants respectfully request an Order granting their motion to dismiss the Amended Complaint and granting Defendants such other and further relief as this Court deems just and proper.

Dated: September 15, 2015

Respectfully Submitted,

**MILMAN LABUDA LAW GROUP PLLC**

By: /s/ Jamie S. Felsen
Jamie S. Felsen
Joseph M. Labuda
Attorneys for Defendants
3000 Marcus Ave, Suite 3W8
Lake Success, NY 11042
(516) 328-8899