UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DENA KOLOGY,                                          15-CV-03061 (ILG)(RML)

                Plaintiff,

    -against-

MY SPACE NYC CORP. and
GUY HOCHMAN, individually,

                Defendants.
------------------------------------------------------------------X


**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
PURSUANT TO RULE 12(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE**


                                            **MILMAN LABUDA LAW GROUP PLLC**

                                            Jamie S. Felsen
                                            Joseph M. Labuda
                                            Attorney for Defendants
                                            3000 Marcus Ave., Suite 3W8
                                            Lake Success, NY 11042
                                            (516) 328-8899

## PRELIMINARY STATEMENT

Plaintiff has been unable to overcome the fact that she received no remuneration from Defendants, My Space NYC Corp. ("My Space") and Guy Hochman ("Hochman"). Plaintiff misconstrues the meaning of "indirect remuneration" which refers not to compensation but to significant benefits. Defendants did not any benefits to Plaintiff. Moreover, as noted in Defendants' initial moving papers, Plaintiff failed to allege she received any such benefits in her Complaint or in her Amended Complaint that was filed after Defendants filed their initial motion to dismiss based on the single fact that Plaintiff was not employed by Defendants because she did not receive remuneration. Plaintiff's belated attempt to assert new theories of liability against Defendants (single employer and/or joint employer liability) must be rejected outright as these theories were not alleged in the Complaint or in the Amended Complaint.

In any event, even assuming *arguendo* that these theories were contained in the Amended Complaint (which they were not), they must be rejected. These theories, as Plaintiff acknowledges, are restricted to cases where the plaintiff is an employee of a wholly-owned corporate subsidiary or where the plaintiff's employment is subcontracted by one employer to another, formally distinct entity, neither of which Plaintiff argues exists in this case. My Space and Hochman were neither a single employer with Atlantis 94 Corp. (Plaintiff's company) nor a joint employer.

Additionally, the degree of control Plaintiff alleges Defendants exerted over her has no bearing on this motion and should not be considered by the Court since a condition precedent to considering the degree of control exerted over an alleged employee is whether the alleged employee received remuneration. In this case, it is clear that Plaintiff did not receive remuneration from Defendants. The Court's inquiry begins and ends at that juncture.

1

Accordingly, all of Plaintiff's claims in the Amended Complaint must be dismissed.

## ARGUMENT

### POINT I

**PLAINTIFF IS NOT PROTECTED BY TITLE VII, NYSHRL, AND NYCHRL BECAUSE SHE RECEIVED NO REMUNERATION FROM DEFENDANTS**

In her opposition papers, Plaintiff argues that because she was indirectly paid remuneration by My Space when My Space paid her alleged salary to Atlantis 94 Corp. (the corporation for which she is the Chief Executive Officer), she therefore was an employee under Title VII, NYSHRL, and NYCHRL. (Amended Complaint ¶¶ 18, 37, 40-41, 43). Simply put, she is wrong.

Compensation must be paid directly to an individual in order for the individual to be an employee under Title VII, NYSHRL, and NYCHRL. "Indirect remuneration" to which Plaintiff refers does not mean compensation. "'Indirect remuneration' refers to 'significant benefits'" such as disability pension, medical insurance, sick pay, vacation pay, and survivors' benefits. See Tyszka v. Edward McMahon Agency, 188 F. Supp. 2d 186, 192-193 (D. Conn. 2001) and Brown v. Nationscredit Commer. Corp., 2000 U.S. Dist. LEXIS 9130 (D. Conn. June 26, 2000) (clarifying the meaning of "indirect remuneration" defined in Pietras v. Board of Fire Comm'rs, 180 F.3d 468, 473 (2d Cir. 1999). In Pietras v. Board of Fire Comm'rs, 180 F.3d 468, 473 (2d Cir. 1999), the Second Circuit held that "an employment relationship within the scope of Title VII can exist even when the putative employee receives no salary so long as he or she gets numerous job-related benefits." In Pietras, because the plaintiff, a volunteer fireman, received benefits through the state under N.Y. Volunteer Firefighters' Benefit Law §§ 5-25, he was an employee. See also Oseni v. Tristar Patrol Servs., 2006 U.S. Dist. LEXIS 101748 (E.D.N.Y. Aug. 24, 2006). Thus, "indirect remuneration" does not refer to monetary payments allegedly

2

for wages or benefits made by one corporation (My Space) to another corporation (Atlantis 94 Corp.) Direct remuneration refers to wages provided by the employer and indirect remuneration refers to significant benefits provided by the employer. Plaintiff did not receive wages from My Space and Hochman. Accordingly, Plaintiff's argument that she received remuneration "indirectly" when My Space allegedly compensated her through Atlantis 94 Corp. is misguided and must be rejected.

Likely realizing that her argument concerning the indirect payment of compensation will fail, Plaintiff argues, although she does not allege in her Amended Complaint (which was filed after Defendants filed their initial motion to dismiss based on Plaintiff not receiving remuneration from Defendants), that that she received indirect remuneration in the form of benefits consisting of paid sick days, commissions, paid vacation, a leased car, and a stipend for medical insurance. However, where, as here, a party asserts a new allegation or theory of liability in opposition to a motion to dismiss, it may not be considered by the Court. See Thomson v. Odyssey House, 2015 U.S. Dist. LEXIS 125887, fn 22, * 68 (E.D.N.Y. Sept. 21, 2015); K.D. v. White Plains Sch. Dist., 921 F. Supp. 2d 197, fn 8 (S.D.N.Y. 2013); Cohen v. New York Cmty. Trust Ret. Plan, 2013 U.S. Dist. LEXIS 90129, *21 (S.D.N.Y. June 26, 2013). This especially holds true where, as here, Plaintiff amended the Complaint in an attempt to overcome Defendants' motion to dismiss the Complaint based on Plaintiff not receiving remuneration from Defendants. Because Plaintiff's argument that she received indirect remuneration in the form of benefits was not alleged in her Amended Complaint, the Court should not consider her argument on the instant motion.

Notwithstanding Plaintiff asserting this new theory (which should not be permitted), contrary to Plaintiff's declaration (Kology Decl. ¶ 11), My Space and Hochman did not pay her

3

for sick days, commission breakdowns, and vacations. As stated in the Declaration of Guy Hochman, during the period of the alleged discriminatory conduct from July 2013 through August 2014, Plaintiff was not paid any compensation by Hochman or My Space. (Hochman Sept. 11, 2015 Decl. ¶ 3). Plaintiff does not dispute this fact. In fact, she appears to concede it in her Amended Complaint. (See Amended Complaint ¶¶ 18, 37, 39-45).[1]

Because Plaintiff received no wages or benefits from My Space or Hochman, she received no remuneration. Therefore, she was not an employee under Title VII, NYSHRL, and NYCHRL and her claims must be dismissed. See Oseni v. Tristar Patrol Servs., 2006 U.S. Dist. LEXIS 101748 (E.D.N.Y. Aug. 24, 2006) (plaintiff not an employee where she received no financial benefit from the defendant); Tyszka v. Edward McMahon Agency, 188 F. Supp. 2d 186, 192-193 (D. Conn. 2001); House v. Wackenhut Servs., 2012 U.S. Dist. LEXIS 130879, 24-25 (S.D.N.Y. Aug. 20, 2012) (plaintiff not an "employee" of the Government because Wackenhut, and not the Government, paid plaintiff's salary and provided plaintiff's employment benefits, including his health and welfare benefits); Nelson v. Beechwood Org., 2004 U.S. Dist. LEXIS 25622 (S.D.N.Y. Dec. 13, 2004) (plaintiff employed by the corporation that paid him remuneration).

## POINT II

**THE DEGREE OF CONTROL DEFENDANTS ALLEGEDLY EXTERTED OVER PLAINTIFF HAS NO BEARING ON WHETHER SHE WAS A COVERED EMPLOYEE**

Plaintiff concedes that the prerequisite for determining if an individual is an employee is whether the individual received remuneration. (Plaintiff's MOL at 5). Since Plaintiff received

---

[1] Similarly, contrary to her declaration, "Hochman [did not] pay [] the monthly car-lease payments on a vehicle for [her] that was supposed to be for everyday use with the company." (Kology Decl. ¶ 5); (Hochman Reply Decl. ¶ 4). Even assuming *arguendo* that he did, according to Plaintiff, the car lease was for her "everyday use with the company", and therefore, it was not a significant financial benefit for her.

4

no remuneration from Defendants – the prerequisite to being an employee and a condition that must be met before analyzing any other factors (including the Reid factors) – the degree of control Plaintiff alleges Defendants exerted over her has no bearing on this motion and should not be considered by the Court.  See Nelson v. Beechwood Org., 2004 U.S. Dist. LEXIS 25622 (S.D.N.Y. Dec. 13, 2004); Wadler v. E. College Ath. Conf., 2003 U.S. Dist. LEXIS 14212 (S.D.N.Y. Aug. 13, 2003).

## POINT III

### PLAINTIFF WAS NOT JOINTLY EMPLOYED BY MY SPACE, HOCHMAN AND ATLANTIS 94 CORP. NOR WERE THEY A SINGLE EMPLOYER

Plaintiff does not allege in the Amended Complaint that My Space and Hochman employed her jointly with Atlantis 94 Corp. or that they, together, were a single employer that employed her.  However, she argues these theories for the first time in her opposition papers.  However, as discussed *supra*, the Court may not consider new theories of liability in opposition to a motion to dismiss.  Thomson, 2015 U.S. Dist. LEXIS 125887 at fn 22, * 68; White Plains Sch. Dist., 921 F. Supp. 2d 197 at fn 8; Cohen, 2013 U.S. Dist. LEXIS 90129 at 21.  Again, Plaintiff had the opportunity to, but failed to allege these theories in her Amended Complaint that was filed in response to Defendants' initial motion to dismiss that was based on the same argument as in this motion: Plaintiff was not an employee of Defendants.  She must be precluded from raising these theories now.

Notwithstanding, as discussed below, Plaintiff has not sufficiently alleged or established (or argued in her opposition papers) that she was employed jointly by My Space, Hochman, and Atlantis 94 Corp. or that they, together, were a single employer that employed her.

As Plaintiff states, in determining whether two entities operate as a single or joint employer, courts consider four factors: (1) interrelation of operations, (2) centralized control of

5

labor relations, (3) common management, and (4) common ownership or financial control. Cook v. Arrowsmith Shelburne, Inc., 69 F.3d 1235, 1240 (2d Cir. 1995). The control over labor relations is the "central concern" of the inquiry. Shiflett v. Scores Holding Co., 2014 U.S. Dist. LEXIS 51619, 13-14 (S.D.N.Y. Apr. 10, 2014).

As Plaintiff correctly states, the single or joint employer analysis is restricted to cases where the plaintiff is an employee of a wholly-owned corporate subsidiary or where the plaintiff's employment is subcontracted by one employer to another, formally distinct, entity. (Plaintiff's MOL at 8); Pimentel v. Magin, 2013 U.S. Dist. LEXIS 113714, 18-19 (N.D.N.Y Aug. 13, 2013. Neither situation is present in this case. Plaintiff does not allege or argue that Atlantis 94 Corp. is a wholly-owned corporate subsidiary of My Space nor does she allege or argue that My Space subcontracted her employment to Atlantis 94 Corp. In fact, My Space does not own Atlantis 94 Corp. or vice versa. Nor was Plaintiff's employment subcontracted by Atlantis 94 Corp. from My Space or vice versa. Therefore, My Space, Hochman, and Atlantis 94 Corp. were not joint or single employers.

Even assuming *arguendo* that Plaintiff had alleged that My Space and Atlantis 94 Corp. had a parent-subsidiary relationship or subcontracted with one another, Plaintiff cannot establish the existence of any of the four (4) elements, including the crucial element – centralized control of labor relations.

First, there are no allegations that the operations of My Space and Atlantis 94 Corp. were interrelated. Plaintiff argues that My Space controlled her work activity. However, Plaintiff fails to allege that My Space controlled Atlantis 94 Corp. or that the entities were in any way interrelated.

6

Plaintiff's argument that My Space had financial control over Atlantis 94 Corp. since Hochman and My Space "were the only ones paying it and also because [Hochman] directed the Plaintiff to visit his own accountant with instructions to establish the corporation" (Plaintiff's MOL at 10) is nonsensical and must be rejected. Plaintiff does not allege or argue that Hochman or My Space has any ownership interest in Atlantis 94 Corp. (because they do not). Moreover, Plaintiff voluntarily incorporated Atlantis 94 Corp. Indeed, she necessarily executed and submitted documents in order to incorporate it. Despite her allegations that Hochman told her to incorporate Atlantis 94 Corp., she incorporated it for her own financial benefit. Indeed, in her Amended Complaint, Plaintiff alleges that she created Atlantis 94 Corp. three (3) years before the alleged discriminatory acts occurred "<u>so that she could deduct the maximum amount of deductions and pay less taxes</u>." (Amended Complaint ¶¶ 18, 37, 40-41, 43).[2]

Second, Plaintiff argues that Hochman controlled the labor relations of My Space's Bushwick office, but she does not allege or provide any details concerning who controlled the labor relations of Atlantis 94 Corp. Therefore, she cannot establish that there is a centralized control of labor relations of My Space and Atlantis 94 Corp.

Third, Plaintiff does not allege or provide any details identifying common management of My Space and Atlantis 94 Corp. because there is no common management.

---

[2] The Court should direct Plaintiff to produce her tax returns to the Court and to Defendants to determine if she declared herself as an employee of My Space to the Internal Revenue Service and New York State Taxing Authority or if, based on her argument that she was employed by My Space, she illegally declared herself as a non-employee of My Space.

Plaintiff is not an innocent bystander. Even after her alleged employment was terminated by My Space, upon information and belief, Plaintiff and her sister still utilize Stewart Sternbach – the same accountant that she argues Hochman forced her to utilize to incorporate Atlantis 94 Corp. – for their personal and corporate tax matters (Hochman Reply Decl. ¶ 7).

Fourth, Plaintiff does not allege or provide any details identifying common owners of My Space and Atlantis 94 Corp. because there are no common owners.

Plaintiff's reliance on Parker v. Columbia Pictures Indus., 204 F.3d 326, 341 (2d Cir. N.Y. 2000) is distinguishable from the facts in this case. In Parker, the court determined that CPI (a subsidiary of SPE's parent company) together with SPE exhibited centralized control of labor relations because disability forms and payroll authorizations listed CPI as the plaintiff's employer and the plaintiff produced pay stubs that listed his earnings as being paid on behalf of CPI through SPE. There are no such facts here. Indeed, Atlantis 94 Corp. is not a subsidiary of My Space and My Space is not a subsidiary of Atlantis 94 Corp. (Hochman Reply Decl. ¶ 6). Moreover, as discussed *supra*, My Space and Atlantis 94 Corp. did not have centralized control of labor relations. Additionally, Plaintiff has not alleged that she received remuneration from Atlantis 94 Corp. In the absence of Plaintiff receiving remuneration from Atlantis 94 Corp., she could not have been jointly employed by My Space, Hochman, and Atlantis 94 Corp.

Plaintiff argues that the four factors courts consider in determining if entities jointly employ an individual or are a single employer are: (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control. (Plainitff's MOL at 7). Notwithstanding, she also argues that the test for determining joint employment is "whether the alleged employer had the power to hire and fire the employee, to supervise and control the conditions of the employee's employment, including his work schedules and assignments, and whether the alleged employer had the power to determine and handle his salary, and employment records." (Plaintiff's MOL at 11).

Under this additional test suggested by Plaintiff, My Space and Hochman were still not Plaintiff's joint employers.

8

To determine whether two entities may each be treated as a "joint employer" for purposes of Title VII, "the court reviews whether the employee <u>actually</u> <u>works</u> <u>for</u> **<u>each</u>** <u>of</u> <u>the</u> <u>two</u> <u>entities</u>, even though she is an employee of only one."  <u>Robinson v. Original Media, LLC</u>, 2015 U.S. Dist. LEXIS 127563, 12-13 (S.D.N.Y. Sept. 21, 2015) <u>quoting</u> <u>Fenner v. News Corp.</u>, 2013 U.S. Dist. LEXIS 170187 (S.D.N.Y. Dec. 2, 2013) (emphasis added).

As discussed *supra*, Plaintiff has not alleged that she received remuneration from Atlantis 94 Corp. or that Atlantis 94 Corp. controlled her as an employee.  Therefore, she has not alleged that she was employed by Atlantis 94 Corp.  Because of the absence of allegations that Plaintiff received remuneration from and was controlled by Atlantis 94 Corp., she could not be an employee of Atlantis 94 Corp. under Title VII, NYSHRL, and NYCHRL.  Therefore, she could not have been jointly employed by My Space, Hochman, and Atlantis 94 Corp.

Additionally, Plaintiff argues that My Space, along with Atlantis 94 Corp., supervised and controlled her work conditions, but she does not allege in the Amended Complaint, nor does she argue in her opposition papers the manner in which Atlantis 94 Corp. <u>together with My Space</u> supervised and controlled her work conditions.  (Plaintiff's MOL at 12).  <u>See</u> <u>St. Jean v. Orient-Express Hotels, Inc.</u>, 963 F. Supp. 2d 301, 307 (S.D.N.Y. 2013) ("under the joint employer doctrine, liability may be found when separate legal entities have chosen to handle certain aspects of their employer-employee relationships jointly.)  She does not provide any details concerning how Atlantis 94 Corp. was her employer.

Moreover, as discussed *supra*, [c]ourts in the Second Circuit have confined the joint employer analysis to two corporate contexts: (1) where the plaintiff is an employee of a wholly-owned corporate subsidiary; and (2) where the plaintiff's employment is subcontracted by one

9

employer to another, formally distinct, entity" (Pimentel v. Magin, 2013 U.S. Dist. LEXIS 113714, 18-19 (N.D.N.Y Aug. 13, 2013)), neither context of which is present in this case.

Accordingly, My Space, Atlantis 94 Corp. and Hochman were not joint or single employers of Plaintiff.

**POINT IV**

**THERE CAN BE NO INDIVIDUAL LIABILITY FOR AIDING AND ABETTING UNDER N.Y. EXEC LAW § 296(6)**

Plaintiff relies on Harrison v. Banque Indosuez, 6 F. Supp. 2d 224, 233 (S.D.N.Y. 1998) and N.Y. Exec. Law § 296(6) for the proposition that Hochman and My Space can be individually liable for the discriminatory conduct she was allegedly subjected to during her alleged employment with Atlantis 94 Corp. "as aiders and abettors."

Under N.Y. Exec. Law § 296(6), "[i]t shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."  N.Y. Exec. Law § 296(6).  However, a predicate for an individual to be liable under N.Y. Exec. Law § 296(6) as an aider and abettor is employer liability.  See Soloviev v. Goldstein, 2015 U.S. Dist. LEXIS 62702 (E.D.N.Y. May 12, 2015); Deng v. New York State Office of Mental Health, 2015 U.S. Dist. LEXIS 4926 (S.D.N.Y. Jan. 15, 2015).

As discussed *supra,* Plaintiff does not allege that she was employed by Atlantis 94 Corp. Moreover, there are no allegations that Atlantis 94 Corp. has four (4) or more employees required to be an employer under the New York State Human Rights Law, and it appears from Plaintiff's opposition papers that there were no employees of Atlantis 94 Corp. (Kology Decl. ¶ 17).  Because Plaintiff did not allege or establish that she was employed by Atlantis 94 Corp., she cannot establish employer liability against Atlantis 94 Corp.  Absent employer liability

10

against Atlantis 94 Corp., there can be no liability for aiding and abetting with respect to My Space and Hochman.[3]

## CONCLUSION

Based on the foregoing, Defendants respectfully request an Order granting their motion to dismiss the Amended Complaint and granting Defendants such other and further relief as this Court deems just and proper.

Dated: October 6, 2015

                                              Respectfully Submitted,

                                              **MILMAN LABUDA LAW GROUP PLLC**

                                              By: /s/ Jamie S. Felsen
                                              Jamie S. Felsen
                                              Joseph M. Labuda
                                              Attorneys for Defendants
                                              3000 Marcus Ave, Suite 3W8
                                              Lake Success, NY 11042
                                              (516) 328-8899

---

[3] Plaintiff does not assert a Title VII claim against Hochman. In the event that the Court does not dismiss the claims against Hochman for the reasons contained in Defendants' instant motion to dismiss, the Court should not exercise jurisdiction over Plaintiff's NYSHRL and NYCHRL claims against Hochman.