UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
KOLOGY                                                                          **MEMORANDUM AND ORDER**
                    Plaintiff,                                15-CV-3061 (ILG) (RML)
    - against -

MY SPACE NYC CORP., ET AL.,

                    Defendants.
------------------------------------------------------x

GLASSER, Senior United States District Judge:

Dena Kology brought suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), New York State Human Rights Law, N.Y. Exec. Law § 296 (NYSHRL), and New York City Human Rights Law, N.Y.C. Code § 8-107 (NYCHRL), against My Space NYC Corp. ("My Space") and its president, Guy Hochman (collectively, "Defendants"). Arguing that My Space was not Kology's employer and therefore cannot be held liable under the employment discrimination statutes, Defendants moved to dismiss the complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). But the existence of an employee-employer relationship is not a jurisdictional matter; it is a substantive element of Kology's claims. Defendants' motion therefore should be construed as a Rule 12(b)(6) motion to dismiss for failure to state a claim. Because both parties have filed affidavits demonstrating that My Space was Kology's employer, however, the Court converts Defendants' motion to dismiss to a motion for summary judgment. The motion is DENIED.

## 1    BACKGROUND

From May 2009 to August 2014, Kology was an agent and manager at My Space, a real estate brokerage. *See* Kology Decl., Dkt 20-1, ¶¶ 3–4; Am. Compl., Dkt 13, ¶ 75. Hochman, My Space's president, hired her and assigned her general duties—*e.g.*, opening and closing the

1

office, meeting tenants and landlords, attending staff meetings, training and evaluating agents, and compiling reports—and at times more specific duties; he controlled "every aspect of how" she completed her work. Am. Compl., ¶ 49; *see* Kology Decl., ¶¶ 4, 6, 7, 9, 18, 19, 21. Hochman also controlled Kology's schedule, requiring his approval for time-off. Kology Decl., ¶¶ 6–7.

In 2010, after Hochman tasked Kology with managing a new branch office (*id.*, ¶ 10), Kology signed a contract detailing her salary, commission, holidays, vacation, and sick leave. *Id.*, ¶ 11. Kology later signed a non-compete agreement. *Id.*, ¶ 20.

In 2011, Kology formed Atlantis 94 Corp. ("Atlantis"), a corporation of which she was the sole shareholder and employee. Kology Decl., ¶¶ 13–14; Am. Compl., ¶¶ 40–46. My Space thereafter paid Atlantis for Kology's services. Kology Decl., ¶ 17; Hochman Reply Decl., Dkt. 22, ¶ 5; Am. Compl., ¶¶ 18, 43. This was Atlantis's only purpose. Kology Decl., ¶ 17; Am Compl., ¶¶ 41–46. Although Defendants maintain that Atlantis was a "vendor" of My Space (Hochman Decl., Dkt. 17, ¶ 4), the parties appear to agree that this arrangement did not affect Kology's duties or Hochman's control over her at work. *See* Kology Decl., ¶¶ 20–21. Hochman later named Kology Senior Vice President of My Space, and ordered her to list that title in emails and on her business card. *Id.*, ¶ 20.

Kology alleges violations of Title VII and state law occurring between July 2013 and August 15, 2014. *See* Am. Compl., ¶¶ 54, 75. On that day, Hochman fired her. *Id.*, ¶ 75.

## 2  LEGAL STANDARD

Although Defendants bring their motion to dismiss under Rule 12(b)(1), a defendant's "status as Plaintiff's employer is a nonjurisdictional element of her substantive cause of action, and therefore, a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is not the appropriate procedural vehicle for presenting this defense." *Kaiser v. Trofholz Techs., Inc.*, 935 F. Supp. 2d 1286, 1292 (M.D. Ala. 2013); *see also Xie v. Univ. of Utah*, 243 F. App'x 367, 371

(10th Cir. 2007) ("employee status is an element of [a] Title VII claims rather than a matter of subject matter jurisdiction"); *Price v. Waste Mgmt., Inc.*, 2014 WL 1764722, at *5 (D. Md. Apr. 30, 2014) (same); *cf. Arbaugh v. Y & H Corporation*, 546 U.S. 500, 503 (2006) (Title VII's employee-numerosity requirement does not confine "federal-court subject-matter jurisdiction" and instead "relates to the substantive adequacy of [a] Title VII claim"). Defendants' motion should be construed as a Rule 12(b)(6) motion to dismiss for failure to state a claim.

The affidavits filed by the parties cannot be considered on a Rule 12(b)(6) motion, however, so the Court will convert the motion to one for summary judgment. *See* Fed. R. Civ. P. 12(d); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 154 (2d Cir. 2002). And because both parties have had "a reasonable opportunity to present" all pertinent material, the Court will decide the summary judgment motion on the present submissions. Fed. R. Civ. P. 12(d); *see In re G. & A. Books, Inc.*, 770 F.2d 288, 295 (2d Cir. 1985) ("The essential inquiry is whether the [parties] should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings."); *Washington v. Securitas Sec. Servs. USA, Inc.*, 2014 WL 2882854, at *1 (W.D.N.Y. June 25, 2014).[1]

---

[1] By filing affidavits and counter-affidavits in connection with the purported Rule 12(b)(1) motion, both parties evidenced an understanding that the Court would rely on this evidence to decide Kology's employment status. *See In re G. & A. Books, Inc.*, 770 F.2d at 295 ("A party cannot complain of lack of a reasonable opportunity to present all material relevant to a motion for summary judgment when both parties have filed exhibits, affidavits, counter-affidavits, depositions, etc. in support of and in opposition to a motion to dismiss."); *see generally Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (on a 12(b)(1) motion, the plaintiff must establish jurisdiction by a preponderance of the evidence, and the court may consider "evidence outside the pleadings"). Defendants nevertheless complain that Kology has not produced a copy of her tax returns, which may show that she "declared herself as a non-employee of My Space." Def. Reply Mem. of Law, Dkt. 21, at 7 n.2. However, as elaborated below, even if Kology declared herself a non-employee of My Space for tax purposes, that would not change the conclusion that My Space was her employer for purposes of Title VII. *See Eisenberg v. Advance Relocation & Storage, Inc.*, 237 F.3d 111, 112 (2d Cir. 2000) ("in determining whether a worker is an employee within the meaning of Title VII and the NYHRL, courts ordinarily should place particular weight on the extent to

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must "construe the facts in the light most favorable to the nonmoving party" and "resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (quotation omitted).

## 3 DISCUSSION

Defendants argue that My Space was not Kology's employer simply because My Space paid Kology's corporation, Atlantis, rather than Kology. This argument borders on frivolous. The "corporate form under which a plaintiff does business is not dispositive in the determination of whether an individual is an employee." *Frankel v. Bally, Inc.*, 987 F.2d 86, 91 (2d Cir. 1993) (holding that there is no "*per se* rule that under the [Age Discrimination in Employment Act] an individual who does business as a corporate entity cannot be recognized as an employee of the company for whom he performs services"); *see Rivera v. Puerto Rican Home Attendants Servs., Inc.*, 922 F. Supp. 943, 949 (S.D.N.Y. 1996) (Title VII). Yet evidence of corporate form is the *only* evidence cited by Defendants to support their contention that My Space was not Kology's employer. *See* Hochman Decl., ¶¶ 3–6; Hochman Reply Decl., ¶¶ 5–6 (stating that My Space paid Atlantis, not Kology, for services provided to My Space). The remaining evidence—facts asserted in Kology's affidavit that are not disputed in Hochman's affidavit or reply affidavit—clearly demonstrates that My Space was Kology's employer for the duration of their relationship.

Under Title VII, courts construe "the term 'employer' functionally, to encompass persons who are not employers in conventional terms, but who nevertheless control some aspect of an employee's compensation or terms, conditions, or privileges of employment." *Laurin v. Pokoik*,

---

which the hiring party controls the manner and means by which the worker completes her assigned tasks, rather than on how she is treated for tax purposes").

4

2004 WL 513999, at *8 (S.D.N.Y. Mar. 15, 2004) (quotation omitted); *see also Rohn Padmore, Inc. v. LC Play Inc.*, 679 F. Supp. 2d 454, 466 (S.D.N.Y. 2010) (quoting *Eisenberg,* 237 F.3d at 114) (in determining whether there is an employer-employee relationship, the most important factor is "the extent to which the hiring party controls the 'manner and means' by which the worker completes his or her assigned tasks"). "'[T]he absence of a direct employment relationship does not bar a Title VII claim, and [] liability extends beyond conventional, single-employer situations.'" *Dortz v. City of New York*, 904 F. Supp. 127, 144–45 (S.D.N.Y. 1995) (quoting *Alie v. NYNEX Corp.*, 158 F.R.D. 239, 245 (E.D.N.Y.1994)); *see also Lima v. Addeco*, 634 F. Supp. 2d 394, 399 (S.D.N.Y. 2009) *aff'd,* 375 F. App'x 54 (2d Cir. 2010). For example, "'an employee, formally employed by one entity, who has been assigned to work in circumstances that justify the conclusion that the employee is at the same time constructively employed by another entity, may impose liability . . . on the constructive employer, on the theory that this other entity is the employee's joint employer.'" *Tate v. Rocketball, Ltd.*, 45 F. Supp. 3d 268, 273 (E.D.N.Y. 2014) (quoting *Arculeo v. On–Site Sales & Mktg., LLC,* 425 F.3d 193, 198 (2d Cir. 2005)) (ellipses in original); *see also N.L.R.B. v. Solid Waste Servs., Inc.*, 38 F.3d 93, 94 (2d Cir. 1994) ("A joint employer relationship may be found to exist where there is sufficient evidence that the [joint employer] had immediate control over the other company's employees."); *Adams v. Debevoise & Plimpton*, 2004 WL 1737826 (S.D.N.Y. Aug. 3, 2004) (citations omitted) (alterations omitted) ("Control of the 'conditions of employment' can indicate one's position as a 'joint employer.'").

These principles compel the conclusion that My Space was Kology's employer (or, technically, joint employer) and therefore subject to liability under Title VII, the NYSHRL, and the NYCHRL. No one disputes that My Space was Kology's employer when it hired her—

5

Hochman, among other things, set her schedule and responsibilities, and controlled "how" she carried them out—and that Atlantis's formation two years later did not alter the functional features of this relationship. The formation of Atlantis—an entity whose sole purpose was to receive Kology's compensation—was a change in form, not substance; it does not immunize My Space from liability under the employment discrimination laws. *See, e.g.*, *Frankel*, 987 F.2d at 88; *cf. Adams*, 2004 WL 1737826, at *2 (holding that although "plaintiff received his compensation through [a temp] agency, rather than through [the defendant,] [the defendant's] continued, long-term relationship with [the plaintiff], and its control of the conditions of his employment there, establishes it as a joint employer"); *see generally Shipkevich v. Staten Island Univ. Hosp.*, 2009 WL 1706590, at *3 (E.D.N.Y. June 16, 2009) ("The analysis used to determine whether an entity is an individual's employer pursuant to the [NYSHRL] and NYCHRL is substantially the same as that used under Title VII.").

    Defendants' motion is DENIED.

    SO ORDERED.

Dated:       Brooklyn, New York
              April 11, 2016

                                    /s/
                                I. Leo Glasser
                                Senior United States District Judge